**COMERICA BANK–MIDWEST,**
**Plaintiff-Appellant,**

v.

**Andreas C. KOULOUMBRIS,**
**Defendant-Appellee.**

**Bankruptcy No. 85–B–15892.**
**Adv. No. 86 A 196.**
**No. 86 C 5234.**

United States District Court,
N.D. Illinois, E.D.

Dec. 19, 1986.

**230**

Darryl J. Chimko, Shermeta & Chimko, Rochester, Mich., for plaintiff-appellant.

John S. Wrona, Chicago, Ill., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Before the court is an appeal by Comerica Bank-Midwest ("Comerica") from Bankruptcy Judge James' dismissal of Comerica's complaint. For the reasons which follow this court affirms the bankruptcy court's decision.

### BACKGROUND FACTS

In February, 1985 Comerica sent Andreas Kouloumbris a preapproved application for a credit line of $2,000. Mr. Kouloumbris returned the application and requested a credit line of $5,000. Comerica sent Mr. Kouloumbris two credit cards and established a $5,000 account for him.

On March 12, 1985 a $3,000 cash advance was charged to Mr. Kouloumbris' account. On March 13, 1985 an additional $1,950 was charged. For the remainder of March, many small purchases ($40.00 to $50.00) from numerous creditors were charged to Mr. Kouloumbris' account. On April 4, 1985 Comerica sent a statement requesting payment of Mr. Kouloumbris' overcharges ($784.00).

During April, charges of approximately $3,000 were made on Mr. Kouloumbris' account. These purchases ranged from $10.00 to $131.00 and were made from various creditors. On May 9th and for the next four months Comerica sent a monthly statement requesting payment of "over-limit and past-due amounts."

No purchases were made on Mr. Kouloumbris' account after May 3, 1985. Comerica did not terminate its credit relationship with Mr. Kouloumbris.

In late 1985 Mr. Kouloumbris filed for bankruptcy. On March 3, 1986 Comerica filed a complaint, claiming that Mr. Kouloumbris' credit card debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court held that, because Comerica had not cancelled Mr. Kouloumbris' credit line, Mr. Kouloumbris' debt to Comerica was not nondischargeable.

### DISCUSSION

Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt is not dischargeable to "the extent obtained by false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

■ To prevent a discharge of debts incurred on a credit card account under this Section, a plaintiff must prove:

(1) the debtor made a materially false representation;

(2) the debtor had intent to deceive; and

(3) the creditor relied on the false representation.

*Matter of Robinson*, 55 B.R. 839, 845 (Bkrtcy.S.D.Ind.1985).

■ Courts have held that a credit cardholder's use of a credit card may be an implied representation to the issuer that the holder has the ability and intent to pay for the purchases charged. Mr. Kouloumbris may have made such a representation, therefore, when he charged his purchase.

Mr. Kouloumbris did not, however, make a materially false representation or intend to deceive. Bankruptcy Judge James did not find that when Mr. Kouloumbris charged his purchases he did not intend to pay for them. The evidence itself is equivocal on this issue. *Cf. Matter of Robinson*,

55 B.R. 839 (Bkrtcy.S.D.Ind.1985). Certain facts suggest that when Mr. Kouloumbris charged his purchases, he may have intended to pay for them. For example, Mr. Kouloumbris testified that his wife charged many of the purchases on his account and that he did not know how much she had charged. In addition, Mr. Kouloumbris worked throughout the months in which he and his wife made charges; he had a steady income with which to pay his credit card bills. He stopped charging purchases when he lost his job in May. Because Mr. Kouloumbris may have intended to pay for his purchases when he charged them, this court cannot conclude either that Mr. Kouloumbris made materially false representations to Comerica or that Mr. Kouloumbris intended to deceive Comerica. *Cf. Robinson, supra* at 848–49. Comerica has not, therefore, demonstrated that Mr. Kouloumbris' debt involved a false representation, as required by § 523(a)(2)(A).

## CONCLUSION

For the foregoing reasons and under the principles enunciated in *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983), the bankruptcy court's decision is AFFIRMED.