In re John J. HANSBURY, Debtor.

**CITIBANK (SOUTH DAKOTA), N.A., Plaintiff,**

v.

**John J. HANSBURY, Defendant.**

**Bankruptcy No. 90–12554–CJK.**
**Adv. No. A90–1322.**

United States Bankruptcy Court, D. Mass.

June 17, 1991.

Leonard A. Berkal, Salem, for plaintiff.

Taraneh K. Ferdman, for debtor.

*Memorandum of Decision*

CAROL J. KENNER, Bankruptcy Judge.

■ In this adversary proceeding, the plaintiff, Citibank (South Dakota), N.A., seeks a determination under 11 U.S.C. § 523(a)(2) that the debt owed to the plaintiff by the defendant and Debtor, John J. Hansbury, is excepted from discharge. The plaintiff alleges that the defendant secured credit from the plaintiff by false pretenses or actual fraud. More specifically, the plaintiff alleges that the defendant, by using credit cards issued to him by the plaintiff, incurred debt to the plaintiff in the amount of $7,654.28, and that he did so at a time when he had no ability to repay and when he knew or should have known that he had no ability to repay. The plaintiff further alleges that the defendant incurred this debt in contemplation of filing his petition under Chapter 7 of the Bankruptcy Code and without intending to repay. The defendant denies that he incurred the debt without intent to repay it. On the basis of the evidence presented at the trial herein, the Court now enters the following findings and rulings.

The defendant does not dispute that he incurred the amount of debt that he is alleged to have incurred. He admits that he incurred most of the debt by taking cash advances that he used to pay gambling debts, and that he hoped to repay this debt and all the debt at issue here by gambling and winning big. He concedes as well that his hope was unrealistic. I find that when he incurred the debt at issue in this proceeding, the defendant's gambling debts had rendered him unable to pay his debts as they came due. He knew at all times relevant to this proceeding that he lacked the means to honor the credit card obligations he was incurring and that his hope of winning big at gambling was not realistic. Moreover, the defendant incurred a substantial portion of the debt at issue here—the portion incurred on or after April 23, 1990—after he had decided to file a petition for relief under Chapter 7 of the Bankruptcy Code.

In sum, the Court finds that the defendant incurred the debt at issue here knowing that he would not be able to repay it and without intent to repay it. When a person uses a credit card, he or she thereby implicitly affirms his or her intention to satisfy the obligation being incurred. The defendant had no such intention. His debt to the plaintiff is therefore excepted from discharge under 11 U.S.C. § 523(a)(2)(A) as having been obtained by false pretenses, false representations and actual fraud. (Without ruling on whether 11 U.S.C. § 523(a)(2)(C) applies to any part of the debt at issue here, the Court bases its ruling entirely on § 523(a)(2)(A) without recourse to § 523(a)(2)(C).) A separate judgment will enter accordingly.