**In re Donald CLAGG, Debtor.**

**CHEMICAL BANK, as successor in interest to Manufacturers Hanover Trust Company, Plaintiff,**

**v.**

**Donald CLAGG, Defendant.**

**Bankruptcy No. 92–81291.**
**Adv. No. 92–8140.**

United States Bankruptcy Court,
C.D. Illinois.

Feb. 17, 1993.

Michael D. Fine, Chicago, IL, for plaintiff.

James S. Brannon, Peoria, IL, for debtor/defendant.

OPINION

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

The Plaintiff brought this adversary action under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), alleging the Debtor's use of a credit card, issued by Plaintiff, to obtain cash advances used for gambling, with no intent of repaying, constituted an obtaining of money by false representations.

The facts are not disputed. The Debtor has a long history of gambling. Starting as a very young boy he used slot machines and played poker. Jumping ahead to his later adulthood, after he lost his job at the then existing Pabst Brewery, he played the

---

commodities market, and when the State of Illinois adopted "Lotto", he played that as well. According to his testimony he was always able to pay his losses. Approximately two years prior to the time at issue he incurred substantial gambling losses which were repaid by refinancing his residence.

He continued to gamble, which he financed through the use of credit cards issued by the Plaintiff and others. He went to the limit on the Plaintiff's card, and several of the others. His income from his job was such that it provided no means to repay the debt. He testified his only hope of repaying the debt was if he won the "Lotto".

He didn't and he filed a Chapter 7 case in bankruptcy. The Plaintiff then filed this adversary proceeding. The sole issue in this case is whether the Debtor intended to repay the Plaintiff. Quoting from the legislative history to § 523(a)(6) as follows:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 139 [193] U.S.473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled. Senate Report No. 97–139, 97th Cong., 1st Sess. 523 (1981);

the Debtor argues that actions based on the Debtor's alleged wrong doing such as those under § 523(a)(2)(A) require a conscious, deliberate, wrong done to another, which is not present in this case as the evidence proves the Debtor thought he could repay the Plaintiff through gambling winnings.

■ Prior to deciding the issue, it is appropriate to put into perspective the fact that the debt was incurred in order to gamble. At one point in time, not so far in the past, gambling was against public policy and gambling debts were not enforceable in a court of law. But public policy changed. Certain forms of gambling are now legal in the State of Illinois. They are hyped as a source of jobs (i.e. Riverboat gambling), as a source of revenue for government (i.e. Lotto proceeds used for education) and as a form of entertainment (i.e. Riverboat and off-track betting). Therefore, there is no basis for treating a debt that arose from legal gambling any differently from other debts legally incurred. Debtor's gambling activities are significant only as they relate to his intent to repay, as he argues "He not only intended to repay Chemical, he was desperately determined to keep gambling until his luck turned and he could repay."

The Plaintiff's action is under § 523(a)(2)(A), and the Debtor's reference to the legislative history to § 523(a)(6) only serves to confuse the issue to be decided. The issue before this Court is whether the Debtor intended to repay the Plaintiff, not whether the Debtor's actions in incurring the debt were "willful and malicious".

The Debtor cites no cases in support of his position that a hope to win at gambling gives him the requisite intent to repay. In fact, most of the reported cases are to the contrary. *See In re Poskanzer*, 143 B.R. 991 (Bankr.D.N.J.1992); *In re Davis*, 134 B.R. 990 (Bankr.N.D.Florida 1991); *In re Hansbury*, 128 B.R. 320 (Bankr.D.Mass. 1991); *In re Bartlett*, 128 B.R. 775 (Bankr. W.D.Mo.1991); and *In re Karelin*, 109 B.R. 943 (9th Cir.BAP 1990). This Court's research found only two gambling cases under § 523(a)(2)(A) where the court held for the debtor. In *In re Landen*, 95 B.R. 826 (Bkrtcy.M.D.Fla.1989), the court stated that it was "persuaded by defendant's honest but somewhat questionable belief that he would soon get lucky at gambling and pay off his debts." In *In re Pressgrove*, 147 B.R. 244 (Bkrtcy.D.Kan.1992) the court held the requisite intent was present but that the creditor had failed to establish it relied on the debtor's implied promise to pay the credit charges.

■ Intent to repay requires some factual underpinnings which lead a person to a degree of certainty that he or she would have the ability to repay. Mere hope, or unrealistic or speculative sources of income, are insufficient. The Debtor testified his salary from his job was insufficient to repay the debt and the only way he

could repay the debt was if he won at Lotto. But being an experienced gambler, he surely knew the odds were greatly against him.[1] His intent to repay the debt through winning at Lotto was based on mere hope, or on unrealistic and speculative expectations.

An analogy to a non gambling situation is helpful. If a debtor has a job, incurs credit card debt intending to repay it from his wages, and then for an unforeseen reason loses his job and can't pay the debt, the debt is dischargeable. *Comerica Bank–Midwest v. Kouloumbris,* 69 B.R. 229 (N.D.Ill.1986). However, if the debtor knows his income is insufficient to service his debts, or has lost his job, with no prospects of another, and in either of those situations uses the credit card, the debt is not dischargeable. *In re Hinman,* 120 B.R. 1018 (Bkrtcy.D.N.D.1990); *In re Deloian,* 60 B.R.161 (Bkrtcy.N.D.Ill.1986).

For these reasons, this Court holds that the Debtor did not intend to repay the Plaintiff and the debt is nondischargeable under § 523(a)(2)(A).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

---

**1.** The published odds of winning first prize in Lotto are 1:12,913,583 and in Little Lotto are 1:324,632. He would have to had won first prize to repay his gambling debts.