**In re Patrick and Janet SZIEL, Debtors.**

**AT&T UNIVERSAL CARD SERVICES CORP., Plaintiff,**

**v.**

**Patrick M. SZIEL, Defendant.**

**Bankruptcy No. 96 B 15237.
Adv. No. 96 A 01294.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 11, 1997.

Lawrence Korrub, Feld & Korrub, Chicago, IL, for Debtor.

Bruce E. de'Medici, Laura Hrisko, Chicago, IL, Scott C. Frost, Ehrenberg & Frost, P.C., Chicago, IL, for Plaintiff.

**MEMORANDUM OPINION**

RONALD BARLIANT, Bankruptcy Judge.

The plaintiff has moved this Court to reconsider its denial of a motion for default judgment and dismissal of this proceeding. In general, this Court's opinions in this case, 206 B.R. 490 (Bankr.N.D.Ill.1997) and in *In re Murphy*, 190 B.R. 327 (Bankr.N.D.Ill. 1995), state the principal reasons for this Court's decision.[1] Only a few points require clarification or comment.

■ AT&T complains that it was not afforded an opportunity to amend its complaint. But it got an opportunity to present all the evidence it has at the hearing on its motion for a default judgment. That evidence was insufficient. AT&T does not say what more it would or could allege. It does not attach a proposed amended complaint. Under these circumstances, this Court does not believe that it abused its discretion in dismissing the action without first allowing an amended pleading.

■ AT&T also argues that this Court failed to give full effect to the unanswered requests for admissions. First, a court has the discretion to refuse to give evidentiary effect to admissions where doing so would defeat the primary purpose of the rules to decide disputes on their merits. See *Kosta v. Connolly*, 709 F.Supp. 592, 594 (E.D.Pa. 1989) (court declined to deem request regarding central issue in dispute to be admitted despite failure to timely answer); *BML Group, Inc. v. U.S. Pizza, Inc.*, 1992 WL 101636 (E.D.Pa.) The purpose of Rule 36, after all, is to eliminate the necessity of proving uncontroverted facts, not to discover what the facts are. See 8A Wright, Miller, Marcus, *Federal Practice and Procedure*, §§ 2252 ("Its function is to define and limit the matters in controversy between the parties."), 2253 ("Strictly speaking Rule 36 is not a discovery procedure at all....") Here the rule was used to compensate for the lack of any evidence of the debtor's intent to defraud the plaintiff. That is the central issue here,

---

1. For a district court opinion on similar facts, see *In re Christensen*, 193 B.R. 863 (N.D.Il.1996) (costs awarded to pro se debtor under § 523(d) where plaintiff had relied on evidence of inability to pay).

and the requests did include a conclusory statement of such intent.[2] But it would be anomalous to hold that a court has the discretion to require proof when a defendant has defaulted by not answering a complaint alleging fraudulent intent, but then has no discretion to refuse to allow the plaintiff to rely on unanswered requests for admissions of the same intent.

 Second, apart from the conclusory requests regarding intent, most of the requests have to do with the debtor's inability to pay the charges he incurred at the time he incurred them. As this Court made clear in *Murphy*, a finding of fraudulent intent can never be based solely on inability to pay. It may be relevant evidence, but it is never sufficient evidence of fraud. In accord, *Christensen*, 193 B.R. 863, 866. Without knowing the debtor's employment and credit history, any changes in his financial condition and practices and the reasons for those changes, the circumstances surrounding his use of the credit cards, his efforts to improve his condition, whether there are facts suggesting that he was contemplating bankruptcy when he incurred the charges, and other facts that bear on the debtor's intent, it is impossible to conclude from an inability to pay that the debtor committed fraud. A debtor with a long history of prompt payment of debt who suffered a serious reversal (e.g., unemployment, illness, divorce, to name only a few of the possibilities) may have depended on credit for the necessities of life at a time when the debtor had no realistic *present* ability to pay those debts but was attempting to correct the financial problem. No finding of fraud could be made on such facts alone. There must be additional facts demonstrating an intent at the time the debts were incurred to avoid payment in the future. We have no idea what the key facts are here, even if we accept the requests for admissions.

Credit card issuers have a difficult burden. They must prove fraud relating to an intent to do something in the future. It is hard enough to prove that a statement of fact was fraudulent. It is more difficult to prove that a statement of intent was fraudulent. But that is what the law requires. And it requires much more than what is in this record.

The motion to reconsider will be denied.

---

**2.** It is correct that rule 36 allows conclusory requests, but that does not answer the central point, which is whether such requests can be used as a substitute for evidence when a defendant is in default. It should be recalled here that creditors in a bankruptcy case have discovery tools in addition to those available in other litigation. See 11 U.S.C. §§ 341, 343 (debtor required to submit to examination at meeting of creditors); Fed.R.Bankr.Pro.2004 (debtor may be required to submit to examination on motion of a party in interest).