**LG ELECTRONICS, INC., Plaintiff,**

v.

**ADVANCE CREATIVE COMPUTER CORP. and DTK Computer, Inc., Defendants.**

**No. C 01–101070 CW.**

United States District Court, N.D. California.

July 25, 2002.

Matthew T. Powers, Skjerven Morrill, LLP, San Jose, CA, Thomas B. Kenworthy, Nathan Wayne McCutcheon, Morgan, Lewis & Bockius, LLP, Washington, DC, for Plaintiff.

Robert A. Auchter, B. Gerard Cordelli, Robins, Kaplan, Miller & Ciresi, Washington, DC, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

WILKEN, District Judge.

In its first amended complaint, Plaintiff LG Electronics, Inc. (LGE) alleged that Defendant Advance Creative Computer Corp. (ACC) and its wholly owned subsidiary DTK Computer, Inc. (DTK) infringed six of Plaintiffs' patents. Default was entered against ACC on October 11, 2001 and against DTK on November 13, 2001. Plaintiff filed a motion for default judgment on December 17, 2001. That motion was referred to a magistrate judge for a report and recommendation.

On April 12, 2002, the magistrate judge filed a Report and Recommendation on Plaintiff's Motion for Default Judgment (Report). The Report recommended enjoining Defendants from future infringement of Plaintiff's patents, but did not identify specific ACC and DTK products in the recommended injunction. In addition, the magistrate judge held that Plaintiff had not provided sufficient evidence to justify its request for $12,060,000 in damages. On April 26, 2002 Plaintiff objected to the Report and moved for an award of damages against defaulting Defendants and to

enjoin Defendants from infringing specific products.

LGE's objection to the Report and Recommendation—with respect to both the damage calculation and the scope of the recommended injunction—is based on its contention that the magistrate judge erred in refusing to credit Defendants' failure to respond to LGE's requests for admissions. For the reasons stated in the Report, that objection is overruled (Docket # 107). The Court adopts Magistrate Judge Laporte's Report and Recommendation (Docket # 58) and enters default judgment accordingly.[1]

This Court having previously entered default against Defendant Advance Creative Computer Corp. (ACC) for failure to answer the First Amended Complaint duly served upon ACC by Plaintiff LG Electronics, Inc. (LGE), and against Defendant DTK Computer, Inc. (DTK) for failure to obey a pretrial scheduling order, failure to appear at a scheduling conference, failure to participate in a scheduling conference in good faith, and/or failure to otherwise defend this action and LGE having applied to this Court for the entry of default judgment,

IT IS ORDERED that:

1. ACC and DTK have infringed United States Patent Nos. 4,918,645; 4,926,419; 4,939,641; 5,077,733; 5,379,379; 5,892,509.

2. ACC and DTK, their officers, agents, servants, employees and those persons in active concert or participation with them, during the period commencing upon the date of entry of this default judgment and for the remainders of the respective terms of each of the patents-in-suit, are hereby enjoined and restrained from making, using, offering for sale, or selling in or importing into the United States any computer system that infringes the patents-in-

suit, or contributing to such infringement or inducing others to do so.

3. LGE has not established that it is entitled to any damages from ACC or DTK for infringement of the patents in suit.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

LAPORTE, United States Magistrate Judge.

### INTRODUCTION

Upon consideration of the parties' oral arguments and their submissions, good cause appearing, and for the reasons set forth below, the following is the Court's Report and Recommendation to the Honorable Claudia Wilken on a motion for default judgment filed by plaintiff LG Electronics Incorporated ("LGE") against defendants Advanced Creative Computer Corporation ("ACC") and DTK Computer Incorporated ("DTK").

### FACTS

LGE's First Amended Complaint alleges that ACC and DTK are infringing six different patents owned by LGE:

1. United States Patent No. 4,918,645, entitled "Computer Bus Having Page Mode Memory Access."

2. United States Patent No, 4,926,419, entitled "Priority Apparatus."

3. United States Patent No. 4,939,641, entitled "Multi–Processor System with Cache Memories."

4. United States Patent No. 5,077,733, entitled "Priority Apparatus Having Programmable Node Dwell Time."

---

1. The April 12, 2002 Report and Recommendation on Plaintiff's Motion for Default Judgment is incorporated in its entirety into this Order.

5. United States Patent No. 5,379,379, entitled "Memory Control Unit With Selective Execution Of Queued Read And Write Requests."

6. United States Patent No. 5,892,509, entitled "Image Processing Apparatus Having Common And Personal Memory And Capable Of Viewing And Editing An Image Commonly With A Remote Image Processing Apparatus Over A Network."

LGE alleges that ACC and DTK are infringing these patents by making, selling, offering to sell, using, or importing into the United States computer systems embodying the claimed inventions of these patents, or by contributing thereto or inducing others to do so.

LGE's complaint prays for the following relief:

1. A judgment that ACC and DTK each infringed each of the patents, and that the infringement was willful;

2. An injunction permanently enjoining ACC and DTK from infringing the patents;

3. Damages, including treble damages for willful infringement, plus pre-judgment and post-judgment interest; and

4. A finding that this is an exceptional case and an order awarding reasonable attorneys' fees to LGE.

ACC never responded to LGE's First Amended Complaint, and default was entered against ACC on October 11, 2001.

DTK filed both an Answer and Counterclaim as well as a Motion to Transfer. However, once the case was transferred to this Court from the United States District Court for the Eastern District of Virginia, DTK stopped participating in the action. On October 18, 2001, Judge Wilken issued an order to show cause why default should not be entered against DTK. DTK did not respond to the order to show cause, and on November 13, 2001, the Court ordered entry of default against DTK.

On November 15, the Court ordered LGE to file a motion for default judgment within 30 days, and ordered that the motion be referred to a magistrate judge for a report and recommendation. The matter was referred to this Court on November 20.

On December 17, 2001, LGE filed its motion for default judgment against ACC and DTK, and noticed the motion for hearing on January 29, 2002. That hearing was later continued to February 26, 2002. In LGE's motion for default judgment, it requested only injunctive relief, and sought to defer the calculation of damages until a later date.

At the hearing on February 26, the Court advised LGE that it could not recommend entry of a judgment imposing an injunction, but purporting to reserve the issue of an award of damages for a later date. LGE then requested a hearing on the amount of damages to be awarded as part of the default judgment after it had completed some additional discovery. The Court continued the hearing until March 29, 2002, and ordered the parties to file supplemental briefing on damages.

On March 22, 2002, LGE filed its supplemental briefing. The only evidence submitted in support of an award of damages was a set of requests for admission, which were served on ACC and DTK on February 6, 2002, nearly three months after default was entered against ACC, and nearly two months after default was entered against DTK. Because neither ACC nor DTK responded to the requests for admission, LGE argued that the admissions conclusively established that it was entitled to a damages award of more than $12 million.

At the March 29 hearing, the Court advised LGE that it was reluctant to recommend a damages award on a default judgment based solely on unanswered re-

quests for admission. The Court gave LGE a chance to provide additional evidence on damages, and set a telephone conference for April 12, 2002. On April 8, LGE informed the Court by letter that it would not submit additional evidence, but would rely on the record already submitted to the Court.

## DISCUSSION

### A. Entry of Default Judgment

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under certain circumstances, default judgment can be entered by the clerk of the court. Fed. R. Civ. Proc. 55(b)(1). Where, as here, the plaintiff's claim is not for a sum certain, a default judgment can only be entered by the Court. Fed. R. Civ. Proc. 55(b)(2).

▆ If the party against whom a default judgment is sought has appeared in the action, the party must be served with written notice of the application for judgment at least three days prior to the hearing. *Id.* As ACC never appeared in the action, there was no requirement that it be given notice of LGE's motion for default judgment. DTK, however, did appear before abandoning its participation in the action, and thus was entitled to receive notice of the motion for default judgment. This notice requirement has been satisfied, as LGE has filed proofs of service indicating that it served DTK with the motion for default judgment on December 17, 2001, and with the supplemental briefing on damages on March 22, 2002.

### B. Injunctive Relief

▆ LGE seeks the entry of an injunction barring further infringement. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir.1977), (*citing Pope v. United States,* 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944)). As the complaint alleges that ACC and DTK are infringing each of the six patents at issue "by making, selling, offering to sell, using, or importing into the United States computer systems embodying the claimed inventions of the Patents–in–Suit, or by contributing thereto or inducing others to do so," (First Amended Compl. ¶¶ 17 and 21), the Court must take those allegations as proven.

▆ This Court is authorized under 35 U.S.C. § 283 to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." "Although the district court's grant or denial of an injunction is discretionary depending on the facts of the case, injunctive relief against an adjudged infringer is usually granted." *W.L. Gore & Associates, Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1281 (Fed.Cir.1988) (*citing Windsurfing Int'l, Inc. v. AMF, Inc.,* 782 F.2d 995, 1002 (Fed.Cir.1986) and *KSM Fastening Systems v. H.A. Jones Co.,* 776 F.2d 1522, 1524 (Fed.Cir.1985)). The Federal Circuit "has indicated that an injunction should issue once infringement has been established unless there is a sufficient reason for denying it." *Id.* There is nothing before the Court suggesting that it should not enjoin ACC and DTK from infringing LGE's patents.

▆ However, "[a] judgment by default shall not be different from or exceed in amount that prayed for in the demand for judgment." Fed.R.Civ.P. 54(c). The First Amended Complaint seeks a judgment that ACC and DTK infringed each of the patents, and an injunction permanently enjoining them from continuing acts of infringement. The proposed default judgment submitted by LGE also includes an order that the patents are enforceable and not invalid, however. As the First Amend-

ed Complaint does not seek a declaration that the patents are enforceable and valid, including this proposed language in the default judgment would violate Rule 54(c) of the Federal Rules of Civil Procedure. Thus, although LGE is entitled to an injunction against infringement, it is not entitled to a declaration that the patents are enforceable and not invalid.

Paragraph 2 of the proposed default judgment also includes language holding that numerous specific models of ACC and DTK computer systems infringe at least one claim of the patents. Although the First Amended Complaint alleges that ACC and DTK's computer systems infringe the patents, there is no language in the complaint identifying any particular models. This language identifying specific computer models comes from LGE's post-default requests for admission, to which neither ACC nor DTK responded. There is no other evidence before the Court that any particular computer model infringed any of the patents. In addition, paragraph 4 of the proposed default judgment includes a finding that "each and every desktop computer system sold by ACC and DTK in the United States from October 1999 through June 2001 infringed at least one claim each of no fewer than three of the patents-in-suit." This language has no counterpart in the complaint, and is supported only by the unanswered requests for admission. The Court will discuss the effect of the requests for admission below, in the section on damages:

■ Paragraph 3 of the proposed default judgment enjoins ACC and DTK from manufacturing, using, offering for sale or selling in or importing into the United States computer systems that constitute or include any of the inventions recited in certain specific claims of the patents. These specific claims are nowhere mentioned in the complaint. It is black letter law that a party can be liable for infringement without infringing every claim of a patent. Conversely, a finding that a party infringed one claim of a patent does not necessarily mean that there also was infringement of another claim. In short, since the complaint did not allege that ACC and DTK infringed any particular claim of any of the patents, the proposed default judgment violates Rule 54(c) by including language enjoining ACC and DTK from manufacturing, using, offering for sale or selling in or importing into the United States computer systems that constitute or include any of the inventions recited in any particular claim of any of the patents.

The Court recommends the appropriate language for the injunction to which LGE is entitled at the end of this report and recommendation.

### C. Damages

■ "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes,* 559 F.2d at 560. The Court may hold such hearings as it deems necessary in order to determine the amount of damages, to establish the truth of any averment by evidence, or to make an investigation of any other matter necessary in order to enable the Court to enter judgment *or to carry it into effect.* Fed. R.Civ.P. 55(b)(2). In addition to injunctive relief, LGE's First Amended Complaint also seeks an order requiring ACC and DTK to pay damages pursuant to 35 U.S.C. § 284.

Once the Court has found that infringement has occurred, it "shall award damages to compensate for the infringement, but not less than a reasonable royalty for the use made of the invention by the infringer, together with costs and interest as fixed by the court." 35 U.S.C. § 284.

LGE seeks damages in the form of a reasonable royalty. Paragraph 4 of the proposed default judgment provides that "a reasonable royalty for licensing the patents-in-suit, under the circumstances of this case, is at least one percent (1%) per patent of the total sales amount of your products practicing any claim of that patent up to a maximum of three percent (3%) of the United States sales of products that practice the inventions of the patents-in-suit." Paragraph 4 also provides that it is undisputed that ACC and DTK sold at least $402 million of desktop computer systems in the United States from October 1999 through June 2001. Although the proposed default judgment provides that the reasonable royalty is anywhere from 1% to 3%, it also goes on to award $12,060,000 in damages, which is 3% of the alleged $402 million in sales.

As an initial matter, the Court cannot enter an award of $12,060,000 in damages in the manner specified in the proposed default judgment. The default judgment makes no attempt to apportion sales between ACC and DTK, and thus makes no attempt to apportion the damages award between ACC and DTK. There is nothing in the complaint, or in the briefing on the motion for default judgment, to indicate that ACC and DTK are affiliated in any way. Thus, there is no basis for the Court to conclude that ACC and DTK should be jointly liable for a combined damages award. Because there is no way to determine the amount of damages for which ACC and DTK are separately liable, the proposed default judgment is too indefinite to be signed.

The proposed default judgment is also too indefinite because it provides that a reasonable royalty is "at least one percent (1%) per patent of the total sales amount of your products practicing any claim of that patent up to a maximum of three percent (3%) of the United States sales of products that practice the inventions of the patents-in-suit." There is nothing in the proposed default judgment, or in LGE's briefing on the motion for default judgment, that would provide any basis for choosing any particular royalty rate within this range. If this proposed default judgment were entered and served on ACC and DTK, they would have no idea what royalty rate to pay.

The only basis LGE has provided for this reasonable royalty is unanswered request for admission No. 41, which provides: "Admit that a reasonable royalty for licensing each of the patents-in-suit under the circumstances of this case, is at least one percent (1%) per patent of the total sales amount of your products practicing any claim of that patent, up to a maximum of at least three percent (3%) of the United States sales of your products in combined royalties for licensing all of the patents-in-suit." (Morris Decl., filed March 22, 2002, Ex. A (Requests For Admission at 6.)) The Court is very uneasy about entering a default judgment based entirely on unanswered requests for admission that were served months after entry of default. LGE has submitted no evidence setting forth the factual basis for these requests for admission. In its April 4, 2002 letter to the Court, which the Court received on April 8, LGE states:

> As alluded to during the recent hearing, the sales figures in the admissions were substantially based on data that LGE is not permitted to use directly in this litigation. In addition, the admissions concerning defendants' infringement are based on LGE's analysis of the claims in the patents-in-suit and of defendants' products, and the royalty rate is based on real-world facts concerning actual offers to license the patents-in-suit, as well as other licenses for related technology.

LGE declined, however, to provide any evidence of the facts or licenses to which it alluded. Thus, the unanswered requests for admission are the sole evidentiary basis for the defendants' claim of damages (as well as its contention that specific computer system models infringe the patents, and that every desktop computer system sold by ACC and DTK in the United States from October 1999 through June 2001 infringed at least one claim of no fewer than three of the patents).

The Court recognizes that Rule 36(a) of the Federal Rules of Civil Procedure provides that unless a party timely denies a request for admission, the matter is deemed admitted. It is undisputed that neither ACC nor DTK responded to the requests for admission that LGE served upon them on February 6, 2002. Furthermore, any matter admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Fed.R.Civ.P. 36(b). Neither ACC nor DTK have filed a motion to withdraw or amend their default admissions. Neither the Court nor the parties have located any cases in which a failure to answer requests for admission has been used to prove damages on a default judgment (or a case disapproving of the practice), although numerous cases have held that a failure to respond to requests for admission conclusively establishes damages at summary judgment and at trial. *See, e.g., O'Campo v. Hardisty,* 262 F.2d 621 (9th Cir.1958), *Brook Village North Associates v. General Electric Co.,* 686 F.2d 66, 69–73 (1st Cir.1982); *Carney v. Internal Revenue Service (In the Matter of John H. Carney),* 258 F.3d 415, 416, 419–21 (5th Cir.2001), *Rainbolt v. Johnson,* 669 F.2d 767 (D.C.Cir.1981). Nor do there appear to be any cases discussing the propriety of serving requests for admission after entry of default. Thus, the Court has not been able to locate any authority that specifically authorizes or precludes it from giving full effect to LGE's unanswered requests for admission.

Numerous cases have held, however, that deciding whether or not to grant default judgment is a matter within the Court's discretion. *See, e.g., Aldabe v. Aldabe,* 616 F.2d 1089, 1092–93 (9th Cir.1980) (citing cases). Rule 55(b) of the Federal Rules of Civil Procedure provides that: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary ...." The Court is concerned that exclusive reliance on requests for admission submitted after entry of default would constitute an easy way to evade the necessity of proving damages on a motion for default judgment. Where default judgment is entered based on a party's failure to appear and litigate in its defense, that party's complete failure to respond to court process and defend necessarily includes the lesser offense of failure to answer discovery. To translate that default on discovery into automatic proof of damages for purposes of a motion for default judgment is a form of bootstrapping that would defeat the purpose of Rule 55(b)'s provision for a court hearing on the damages sought in a motion for default judgment. The evident policy of the rule is that even a defaulting party is entitled to have its opponent produce some evidence to support an award of damages.

Without casting any aspersions on the integrity of LGE, under its interpretation of the law, it would be very easy for an unscrupulous party to send requests for admission after entry of default that have no basis at all in fact—for example, "Admit that you owe the plaintiff $1 billion"—

knowing that since the opposing party is already in default, it is unlikely to respond to discovery. The unscrupulous party could then obtain an enormous judgment, simply because the defaulting party's failure to answer the requests for admission would conclusively establish the issue. Although the Court has no reason to believe that LGE is acting in bad faith, it is uncomfortable giving automatic effect to these admissions, without seeing some evidentiary basis for the requests for admission. LGE has declined to provide any evidentiary basis whatsoever for any of the statements set forth in their post-default requests for admission.

Accordingly, the Court recommends that no damages be awarded on LGE's motion for default judgment. Because there is no evidence other than the unanswered requests for admission that any particular computer system infringes LGE's patents, all references in the proposed default judgment to specific computer system model numbers should be deleted. Because there is no evidence other than the requests for admission that each desktop computer system sold by ACC or DTK in the United States from October 1999 through June 2001 infringed at least one claim of no fewer than three of the patents-in-suit, that language also should be deleted from the proposed default judgment.

## CONCLUSION

For the reasons set forth above, and for good cause shown, the Court recommends that the following default judgment be entered:

This Court having previously entered default against defendant Advance Creative Computer Corp. ("ACC") for failure to answer the First Amended Complaint duly served upon ACC by plaintiff LG Electronics Inc. ("LGE"), and against defendant DTK Computer Inc. ("DTK") for failure to obey a pretrial scheduling order, failure to appear at a scheduling conference, failure to participate in a scheduling conference in good faith, and/or failure to otherwise defend this action, and LGE having applied to this Court for the entry of default judgment,

IT IS ORDERED that:

1. ACC and DTK have infringed United States Patent No. 4,918,645, entitled "Computer Bus Having Page Mode Memory Access," United States Patent No, 4,926,419, entitled "Priority Apparatus," United States Patent No. 4,939,641, entitled "Multi–Processor System with Cache Memories," United States Patent No. 5,077,733, entitled "Priority Apparatus Having Programmable Node Dwell Time," United States Patent No. 5,379,-379, entitled "Memory Control Unit" With Selective Execution Of Queued Read And Write Requests," and United States Patent No. 5,892,509, entitled "Image Processing Apparatus Having Common And Personal Memory And Capable Of Viewing And Editing An Image Commonly With A Remote Image Processing Apparatus Over A Network" ("the patents-in-suit").

2. ACC and DTK, their officers, agents, servants, employees and those persons in active concert or participation with them, during the period commencing upon the date of entry of this default judgment and for the remainders of the respective terms of each of the patents-in-suit, are hereby ENJOINED and RESTRAINED from making, using, offering for sale, or selling in or importing into the United States any computer system that infringes the patents-in-suit, or contributing to such infringement or inducing others to do so.

3. LGE has not established that it is entitled to any damages from ACC or DTK for infringement of the patents-in-suit.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b); Civil Local Rule 72–3. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Dated: April 11, 2002.