**In re Colin Anthony LIU, Debtor.**

**Robert P.L. Lu, Plaintiff,**

v.

**Colin Anthony Liu, Defendant.**

**Bankruptcy No. LA 97–37150–SB.**

**Adversary No. LA 97–03364–SB.**

United States Bankruptcy Court, C.D. California.

Sept. 5, 2002.

---

Colin Anthony Liu, South Pasadena, CA, pro se.

Nancy Knupfer, Danning, Gill, Diamond & Kollitz, Los Angeles, CA, trustee.

## OPINION ON REQUESTS FOR ADMISSION ON DEFAULTING PARTY

SAMUEL L. BUFFORD, Bankruptcy Judge.

### I. Introduction

The court finds in this adversary proceeding that the failure of a defaulting party, who has never appeared in the litigation, to respond to requests for admission may not be used at trial to prove up a case on the merits.

### II. Relevant Facts

Plaintiff Robert Lu brought this adversary proceeding against debtor Colin Liu for a determination that a $4,479,897.30 debt is not dischargeable. Despite apparently proper service of the summons and complaint, Liu failed to answer or otherwise appear to defend. In due course, Lu took Liu's default. However, the court denied a default judgment, based on the court's policy that a plaintiff asserting a

§ 523 [1] claim should prove up a *prima facie* case to support a judgment.

Thereafter, Lu served a set of requests for admission by mail on Liu, notwithstanding the fact that Liu had never appeared in the adversary proceeding. Liu did not respond to the requests for admission. Lu now seeks to use the lack of response as a deemed admission of each of the requests, and to obtain judgment based thereon.

### III. Analysis

Upon being served with a complaint, a defendant may choose either to respond to the complaint (whether by answer or by a motion under Rule 12), or default by not responding to the complaint at all. *See* Rule 8(b). If the defendant chooses the latter, the plaintiff may move to have the defendant's default entered. *See* Rule 55(a), incorporated by reference in Rule 7055.

After a defendant's default for failure to appear in an adversary proceeding, Rule 55(b)(1) requires the clerk to enter judgment on a plaintiff's claim, without the need for any hearing or other judicial attention, if the claim is for a sum certain or for a sum which can be made certain by computation, upon affidavit of the amount due.

This provision is inapplicable in this adversary proceeding for two reasons. First, the amount claimed is not a sum certain. Second, the adversary seeks more than a judgment on the claim: it also seeks a determination that the debt is not subject to the debtor's discharge.

■ In all other default cases, Rule 55(b)(2) requires a plaintiff to apply to the court for a default judgment. In such cases, the entry of default against a defendant does not automatically entitle a plaintiff to judgment. *See Valley Oak Credit Union v. Villegas (In re Villegas),* 132 B.R. 742, 746 (9th Cir. BAP 1991).

■ The court has broad discretion under Rule 55(b)(2) to "conduct such hearings ... as it deems necessary and proper" in order to "establish the truth of any averment by evidence ...." Under this rule, the court may require a plaintiff to demonstrate a *prima facie* case by competent evidence in a prove-up trial to obtain a default judgment. *See Villegas,* 132 B.R. at 746; *TeleVideo Systems Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir.1987); *General Electric Capital Corp. v. Bui (In re Bui),* 188 B.R. 274, 276 (Bankr.N.D.Cal. 1995). In such a hearing, the plaintiff must demonstrate each of the elements of a cause of action to support a *prima facie* case. *See Bui,* 188 B.R. at 276. The court has wide discretion under Rule 55 to consider whether the evidence presented supports a claim and warrants judgment for the plaintiff. *See Wells Fargo Bank v. Beltran (In re Beltran),* 182 B.R. 820, 823–24 (9th Cir. BAP 1995); *Villegas,* 132 B.R. at 746; *see generally* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2685 (3d ed.1998).

Bankruptcy courts frequently exercise their discretion to require that a plaintiff prove up a *prima facie* case when a plaintiff creditor seeks default judgment against a defendant debtor who has failed to answer a § 523 non-dischargeability claim. See *AT & T Universal Card Services Corp. v. Sziel (In re Sziel),* 206 B.R. 490, 493 (Bankr.N.D.Ill.1997); *Beltran,* 182

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (West 2002). In addition, all rule references are to the Federal Rules of Civil Procedure Rules 1–86 (if the rule number is a one- or two-figure number) or to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036 (if the rule is a four-figure number).

B.R. at 823; *Villegas,* 132 B.R. at 746. This practice is motivated by the risk that a creditor may obtain a default judgment, regardless of the merits of the complaint, against an honest debtor who is in such a precarious financial condition that the debtor cannot afford to defend a non-dischargeability claim. *See Sziel,* 206 B.R. at 492.

■ Factors for the court to consider in determining whether to award a default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute on the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. *See Villegas,* 132 B.R. at 746; *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986).

■ The general rule is that default judgments are ordinarily disfavored, and that cases should be decided on their merits whenever reasonably possible. *See Eitel,* 782 F.2d at 1472. In addition, as in *Eitel,* plaintiff in this case seeks a judgment of several million dollars. Further, in this court's experience, plaintiffs in § 523 adversary proceedings are frequently unable to prove a *prima facie* case, or are only able to prove that a portion of the debt is non-dischargeable. *See, e.g., Bui,* 188 B.R. at 278–79. For these reasons, the court requires plaintiffs in § 523 cases to present a *prima facie* case on liability.

■ A plaintiff who is required to present a *prima facie* case is entitled to conduct discovery and to proceed to trial in an effort to prove its case. *See In re Beltran,* 182 B.R. at 826; *Villegas,* 132 B.R. at 746–48. However, case law does not specify how a plaintiff should proceed to obtain such discovery. The issue in this adversary proceeding is whether a plaintiff may use requests for admission to a defaulting defendant in preparation for a prove-up hearing.

## A. General Discovery Rules

Civil discovery is provided generally in Rules 26–37, which are incorporated unchanged in Rules 7026–37.[2] These rules provide for depositions (Rules 7027–28 and 7030–31), interrogatories (Rule 7033), production of documents and inspection of property (Rule 7034), physical and mental examination of persons (Rule 7035), and requests for admission (Rule 7036).

The discovery rules distinguish between parties to litigation and non-parties. Some rules permit discovery only from parties. Others permit discovery from non-parties, but impose additional burdens for obtaining such discovery.

Any person's testimony may be taken by deposition. *See* Rule 30(a)(1). If the person is a party, an appropriate notice of deposition is sufficient to compel the person to attend the deposition. *See* Rule 30(b)(1). If the person is not a party, the person's attendance may be compelled by subpoena. *See* Rule 9016 (incorporating Rule 45 by reference).

Similarly, any person may be required to produce documents and any property may be inspected. *See* Rule 34. If the person is not a party to the litigation, the party seeking such discovery must utilize a

---

**2.** Each rule in the series of 7026 to 7037 simply provides: "Rule [xx] F.R.Civ.P. applies in adversary proceedings." The bankruptcy rule has exactly the same number as the counterpart in the Federal Rules of Civil Procedure, except that the bankruptcy rule has a four digit number consisting in "70" plus the two-digit rule number in the Federal Rules of Civil Procedure.

subpoena to compel such discovery. *See* Rule 34(c).

In contrast, interrogatories, requests for admission, and physical or mental examinations may only be directed to parties. *See* Rule 33 ("interrogatories to parties"); Rule 35 (physical or mental examination of party or person in the custody or under the legal control of a party);[3] Rule 36 (requests for admission).

## B. Defaulting Defendant Is not a "Party" Under Rule 36

■ This brings us to the issue in this litigation: whether a defaulting defendant who has never appeared in the litigation is treated as a party or as a non-party for the purposes of civil discovery, and more particularly for the purposes of requests for admission.

### 1. Language of the Rule

Rule 36(a) provides in relevant part: "A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) ...." Thus requests for admission may only be served on a "party" within the meaning of Rule 36. The court has found no published authority that defines "party" in this context. Nonetheless, the meaning of "party" can be determined from the purposes of requests for admission.

There are two purposes for requests for admission. The commentary to Rule 36 states: "[a]dmissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Rule 36 cmt. (1970 amend.); *see also Asea, Inc. v. Southern Pacific Transportation Co.,* 669 F.2d 1242,

1245 (9th Cir.1981) (discussing nature and purpose of requests for admission). A default for failure to respond to a complaint signifies the defendant's belief that no issues of fact are in controversy and that a trial is therefore unnecessary. Directing requests for admission, which serve "to define and limit the matters in controversy between the parties," 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil § 2252 (2d ed.1994), to a defendant who has chosen to default falls outside the intended purpose of requests for admission.

There are no issues to eliminate or narrow where a plaintiff's only burden is to present a *prima facie* case. Without positive evidence of each element of each cause of action, there simply is no *prima facie* case.

### 2. Policy

There are good policy reasons to support this outcome. Because a defendant effectively concedes the allegations contained in a complaint when the defendant opts not to answer or otherwise defend a claim, it is unreasonable to expect such a defendant to comply with a discovery procedure that is intended to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *See* Rule 36 cmt. to 1970 amendment. In choosing not to answer, a defaulting defendant has relinquished the opportunity to challenge the plaintiff's claim and thereby avoided the burdens associated with defending the lawsuit.

The requirements of Rule 36(a) impose a substantial burden on a responding party. The rule provides in pertinent part:

---

**3.** A party may be compelled to submit to a physical or mental examination only pursuant to court order. *See* Rule 35(a).

The answer shall *specifically* deny the matter or set forth *in detail* the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny . . . .

Rule 36(a) requires the respondent to make a good faith effort to conduct a "reasonable inquiry" into the matters set forth. *See Asea*, 669 F.2d at 1246; *Diederich v. Department of the Army*, 132 F.R.D. 614, 621 (S.D.N.Y.1990). Although the standard of reasonable inquiry under Rule 36 is a relative standard depending on the particular facts of each case, Rule 36(a) nonetheless calls on the defendant to at least take some affirmative act to investigate "readily obtainable" sources that may lead to or furnish the necessary and appropriate response. *See Diederich*, 132 F.R.D. at 619 (defining "reasonable inquiry" as an investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, relevant documents and regulations). Imposing this obligation upon a defendant to investigate before answering the requests is justified because "[i]n most instances, the investigation will be necessary either to [the defendant's] own case or to preparation for rebuttal." Rule 36 cmt., subdivision (a) (1970 amend.).

It is inappropriate to impose these burdensome obligations on a defendant who has chosen not to defend against a complaint, especially where the defendant is given no notice beyond mailing the requests. Otherwise, the defendant in default is called upon to prove the case for the plaintiff, which is a burden the defendant should not have. For these reasons, a defendant who has not answered or otherwise defended the complaint is not considered a "party" for Rule 36 purposes and therefore may not be served with requests for admission by the plaintiff.

 While a plaintiff may not serve requests for admission to a non-answering defendant, a plaintiff may use other discovery tools to obtain evidence to prove a *prima facie* case in a default judgment hearing. Under Rule 45, for example, a plaintiff may subpoena and take the deposition of a non-party, including a defendant who has failed to answer the complaint. Courts have permitted plaintiffs to rely on the subpoenaed testimony of a defaulting defendant to establish a *prima facie* case at a default judgment hearing. *See* Rule 32(a)(2) ("the deposition . . . may be used by an adverse party for *any purpose*") (emphasis added). In addition, creditors in a bankruptcy case have access to discovery tools in addition to those available in other litigation. *See AT & T Universal Card Servs. v. Sziel (In re Sziel)*, 209 B.R. 712, 714 n. 2 (Bankr.N.D.Ill.1997). See, e.g., §§ 341, 343 (debtor required to submit to examination at meeting of creditors); Rule 2004 (examination of any entity).

### C. Discretionary Rejection of Unanswered Requests for Admission

 Even if a defaulting defendant is considered a "party" under Rule 36, the court may refuse to permit a plaintiff to

prove-up a § 523 claim by relying solely on unanswered requests for admission. Generally, when a party fails to respond to requests for admission, the matters are deemed admitted. *See* Rule 36(a). However, the court has the discretion to refuse to give evidentiary effect to admissions where doing so would defeat the primary purpose of the rules, which is to decide disputes on their merits. *See generally, Villegas,* 132 B.R. at 746 (trial court has discretion to require proof of facts before granting default judgment).

This case is very similar to *Sziel,* where the court denied a default judgment to a plaintiff in a credit card § 523(a)(2)(A) case and dismissed the complaint. After defaulting as to the complaint, the debtor failed to respond to plaintiff's requests for admission, and plaintiff sought admission of these deemed admissions in support of a default judgment. The court held that it had discretion to refuse to admit the admissions, on the grounds that doing so would defeat the primary purpose of the rules to decide disputes on the merits. The court found that plaintiff was trying to use the unanswered admissions as a substitute for positive evidence of debtor's intent to defraud plaintiff. *See id.*

This court agrees with the court in *Sziel.* As in that case, the plaintiff in this case seeks to substitute the unanswered requests for admission for positive evidence of liability on plaintiff's claim. In this court's view, such deemed admissions may not substitute for positive evidence of a *prima facie* case in most adversary proceedings brought under § 523. Indeed, it would be anomalous to require a plaintiff to present evidence of a *prima facie* case, and then to permit unanswered requests for admissions to substitute for such evidence. *See Sziel,* at *id.*

In light of the courts' reluctance to grant a default judgment on the basis of a debtor's failure to answer a non-dischargeability complaint, the court has discretion to disallow the plaintiff from relying on unanswered requests for admission to substantiate its allegations in a prove-up hearing.

Similarly, the court in *LG Electronics, Inc. v. Advance Creative Computer Corp.,* 212 F.Supp.2d 1171 (N.D.Cal.2002), refused to base a $12 million damages award on unanswered requests for admission that were served after the entry of default. Although *LG Electronics* limited its prove-up hearing to damages in a patent infringement suit, the court found that translating unanswered requests into automatic proof would defeat the purpose of Rule 55(b)'s provision for a hearing to "establish the truth ... by evidence." The court held that, without "seeing some evidentiary basis for the requests for admission," the statements set forth in the plaintiff's post-default requests for admission are not sufficient to establish the amount of damages. *See id.* at 1177. The court also expressed a concern that exclusive reliance on requests for admission submitted after entry of default would allow the moving party to evade the necessity of proving damages with actual evidence. *See id.* at 1177. An unscrupulous moving party thus would be able to obtain an enormous judgment by simply sending baseless requests for admission to a defendant who has failed to answer the complaint and who is also unlikely to respond to requests for admission. For these reasons, it is improper to introduce unanswered requests for admission in a prove-up hearing when default has been entered for the defendant's failure to answer or otherwise defend the claim.

## IV. CONCLUSION

Since the purpose of requests for admission is to narrow the range of issues for

trial, Rule 36 provides that requests may only be directed to a "party" in the suit. A defendant concedes that no issues are in controversy when he or she chooses not to answer the complaint. Thus, directing requests for admission to a defendant in default falls outside the intended purpose of requests for admission. For this reason, this court concludes that a defendant who has not filed an answer to the complaint or otherwise appeared in the adversary proceeding is not a "party" for the purpose of Rule 36 and may not be required to respond to requests for admission.

Alternatively, even if a defendant in default is considered a "party" under Rule 36, this court will not grant a default judgment in a § 523 adversary proceeding based solely on unanswered requests for admission. Exclusive reliance on the "deemed admitted" effect of unanswered requests is improper because it runs counter to the purpose of Rule 55(b)'s provision for a prove-up hearing and the courts' policy of deciding cases on the merits.

The court notes that, after denying the motion to rely on the requests for admission, plaintiff proceeded to prove its case on the merits with other evidence, pursuant to which plaintiff showed that he is entitled to judgment against the defendant in the amount requested, and a determination that the debt is not dischargeable.