Janet R. BLAZEK, Plaintiff,

v.

CAPITAL RECOVERY ASSOCIATES,
INC., Defendant.

No. 03–C–520.

United States District Court,
E.D. Wisconsin.

July 15, 2004.

Daniel Edelman, Cathleen Combs, Chicago, IL, Robert K. O'Reilly, Boston, MA, for Plaintiff.

## DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff brought this suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as a putative class action. Defendant did not answer or otherwise appear, and the clerk entered defendant's default.[1] Plaintiff now wishes to take discovery of defendant in order to determine the composition of the class and the amount of damages. She states that this information is necessary to enable her to obtain a default judgment. *See Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir.2003) (holding that district court must determine whether class certification is appropriate even when defendant has defaulted); *see also* Fed.R.Civ.P. 55(b)(2) (authorizing court to conduct a hearing when necessary to determine the amount of damages to award against a defaulting party). It is unclear why defendant defaulted although plaintiff contends that defendant did so strategically, calculating that without its participation plaintiff would have difficulty proving such matters as the propriety of class certification. Plaintiff submitted interrogatories to defendant, but defendant has not responded, and plaintiff now seeks an order compelling defendant to do so.

■  Pursuant to Fed.R.Civ.P. 26(d), I authorized plaintiff to engage in discovery of defendant. *See Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003). The federal rules, however, do not specify what mechanisms a plaintiff may utilize to take discovery of a defaulting defendant. This is so because, in setting forth what discovery devices are available, the rules distinguish between

---

1. The clerk's entry of a party's default is a prerequisite to and distinct from the entry of a default judgment against a party. 10A Charles

Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 13 (3d ed.1998).

parties and non-parties but do not indicate which category a defaulting defendant falls into.

I have found no cases that decide this issue, although *In re Liu*, 282 B.R. 904 (Bankr.C.D.Cal.2002), discussed it as follows:

[t]he discovery rules distinguish between parties to litigation and non-parties. Some rules permit discovery only from parties. Others permit discovery from non-parties, but impose additional burdens for obtaining such discovery.

Any person's testimony may be taken by deposition. *See* Rule 30(a)(1). If the person is a party, an appropriate notice of deposition is sufficient to compel the person to attend the deposition. *See* Rule 30(b)(1). If the person is not a party, the person's attendance may be compelled by subpoena. *See* [Rule 30(a)(1) ] (incorporating Rule 45 by reference).

Similarly, any person may be required to produce documents and any property may be inspected. *See* Rule 34. If the person is not a party to the litigation, the party seeking such discovery must utilize a subpoena to compel such discovery. *See* Rule 34(c).

In contrast, interrogatories, requests for admission, and physical or mental examinations may only be directed to parties. *See* Rule 33 ("interrogatories to parties"); Rule 35 (physical or mental examination of party or person in the custody or under the legal control of a party); Rule 36 (requests for admission).

*Id.* at 908–09 (footnote omitted).

The federal rules suggest several reasons in favor of treating a defaulting defendant as a party. Fed.R.Civ.P. 55, which governs default judgments, seems to refer to a defaulting defendant as a party, stating that "if a party against whom judgment by default is sought has appeared in the action, the *party* (or, if appearing by representative, the *party's* representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." (Emphasis added). Also, a defaulting defendant retains some of the rights of a non-defaulting party, as, for example, the right to contest the amount of damages and to litigate conclusions of law. *See* 10 James Wm. Moore, et al., *Moore's Federal Practice* § 55.12[1] (3d ed.2004).

Nevertheless, I conclude that the argument for treating a defaulting defendant as a non-party is the stronger one. Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. *Id.* Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers. A defendant may chose to default for any number of reasons including, for example, cost, *see In re Liu*, 282 B.R. at 909, or, as plaintiff in the present case points out, for reasons of strategy. However, once a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties.

■ Further, in the present case, plaintiff concedes that she could obtain the desired information by using the discovery rules applicable to non-parties. Specifically, under Fed.R.Civ.P. 45, plaintiff could subpoena defendant for the purpose of taking a deposition pursuant to Fed.R.Civ.P. 30(a)(1). However, because Rule 45(b)(2) imposes a limit on the distance a non-party may be forced to travel pursuant to a subpoena, plaintiff would have to go to defendant's place of business in Pennsylvania to take the deposition. Plaintiff argues that it is inequitable to force her to incur the expense of traveling to Pennsylvania to obtain information from a defaulting defendant that she could obtain from a non-defaulting defendant through interrogatories. But, as indicated, by defaulting defendant chose to be free of the obligations associated with participating in the litigation as a party and paid a price for that decision. Having elected, in essence, to give up party status, defendant should not have to bear the burdens that the discovery rules impose on par-

ties. Thus, I do not find it inequitable to require plaintiff to travel to Pennsylvania to obtain evidence relevant to the issues remaining in the case.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel discovery is **DENIED**.

