[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11769
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00190-BAE-GRS

JAMES ALLEN ZOW, SR.,
VERONICA ZOW,

Plaintiffs-Appellants,

versus

REGIONS FINANCIAL CORPORATION,
REGIONS BANK,
d.b.a. Regions Mortgage,
MERSCORP HOLDINGS, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 11, 2014)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

James Allen Zow, Sr. and Veronica Zow appeal the dismissal of their case with prejudice as a sanction for being in contempt of a discovery order. They argue that dismissal with prejudice was an inappropriate sanction because they had already voluntarily dismissed their case without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and because they failed to comply with the discovery order only based on a good-faith belief that it was invalid. They also argue that the district judge and magistrate judge violated their ethical obligations by refusing to disclose certain business relationships, and that the magistrate judge improperly failed to recuse himself despite his business relationship with defendant Mortgage Electronic Registration Systems, Inc.[1] After careful review, we affirm.

I.

We review de novo dismissals under Rule 41(a)(1). Matthews v. Gaither, 902 F.2d 877, 879 (11th Cir. 1990) (per curiam). That rule permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P 41(a)(1)(A) & (A)(i). But after dismissal, the district court retains

---

[1] Although the Zows also argue that the district judge failed to recuse himself, this issue is beyond our jurisdiction, because the order denying the motion to recuse was entered after the notice of appeal was filed. See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs, 162 F.3d 653, 661 (11th Cir. 1998) (holding that Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal designate an existing judgment or order).

2

jurisdiction to consider collateral issues which do not require a determination on the merits, including imposition of contempt sanctions, even after a plaintiff voluntarily dismisses a complaint pursuant to Rule 41(a)(1). Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395–96, 110 S. Ct. 2447, 2455–56 (1990).

Dismissal with prejudice is a permissible sanction if a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v); see also Fed. R. Civ. P. 41(b). Our review of discovery sanctions "is sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." Serra Chevrolet, Inc. v. Gen. Motors Corp., 446 F.3d 1137, 1146–47 (11th Cir. 2006) (quotation omitted). In sanctioning a party, a district court abuses its discretion if "it misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual support." Id. at 1147 (quotation omitted). Because dismissal with prejudice is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions would not suffice. Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). Nonetheless, if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). These principles apply with equal force to pro se parties. Id.

A finding that a party failed to comply with a discovery order is a finding of civil contempt, <u>Serra Chevrolet</u>, 446 F.3d at 1147, and we review the grant of a motion for civil contempt under the same abuse-of-discretion standard, <u>McGregor v. Chierico</u>, 206 F.3d 1378, 1383 (11th Cir. 2000).  A finding of civil contempt must be based upon clear and convincing evidence that: "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite, and unambiguous; and 3) the alleged violator had the ability to comply with the order.  <u>Id.</u> (quotation omitted).

While the Zows were certainly entitled to dismissal of their action under Rule 41, the district court retained jurisdiction to determine the collateral issues of discovery and contempt sanctions.  <u>See</u> <u>Cooter & Gell</u>, 496 U.S. at 395–96, 110 S. Ct. at 2455–56; <u>cf.</u> <u>Matthews</u>, 902 F.2d at 880 (holding that district courts retain jurisdiction to dismiss an action with prejudice even after the plaintiff files a notice of dismissal under Rule 41 where the plaintiff acted in bad faith by misstating assets on an <u>in forma pauperis</u> affidavit); <u>accord</u> <u>In re Exxon Valdez</u>, 102 F.3d 429, 431 (9th Cir. 1996) (finding jurisdiction where a district court dismissed an action with prejudice as a discovery sanction even after the action was otherwise dismissed, because a sanction of dismissal with prejudice "imposed . . . under Rule 37 [is] collateral to the merits of the action[] . . .; though [it] terminate[s] the

action[], [it] [does] not signify a district court's assessment of the legal merits of the complaint." (alteration adopted) (citation omitted)).

Beyond the question of its jurisdiction, the Zows argue that the district court abused its discretion by finding that they were in contempt of the discovery order. We disagree. The discovery order was lawful and valid, and it merely directed them to attend a Rule 26(f) conference for the purpose of planning discovery. Though the Zows cite Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997), in support of their position, we only found an abuse of discretion there because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months. See id. at 1366–68. By contrast, the discovery order here was clear, and there was no evidence that the Zows were unable to comply with its directive. See McGregor, 206 F.3d at 1383.

Nor did the district court abuse its discretion in determining that dismissal with prejudice was an appropriate sanction. The Zows were warned by the magistrate judge on two occasions that their case could be dismissed if they did not participate in the Rule 26(f) conference. They simply chose to disregard these warnings. See Moon, 863 F.2d at 837. And the record amply supports the district court's finding that their choice to disregard the discovery order was willful. So too with the finding that lesser sanctions would not suffice.

II.

We also review the denial of a recusal motion for abuse of discretion.  In re Walker, 532 F.3d 1304, 1308 (11th Cir. 2008).  A judge must recuse if he is personally biased or prejudiced concerning a party, or whenever his "impartiality might reasonably be questioned."  28 U.S.C. § 455(b)(1), (a); In re Walker, 532 F.3d at 1310.  A judge's impartiality might reasonably be questioned if an objective, fully informed lay observer would entertain significant doubt about his impartiality.  In re Walker, 532 F.3d at 1310.  Consumer transactions made in the ordinary course of business do not warrant recusal.  See Delta Air Lines, Inc. v. Sasser, 127 F.3d 1296, 1297–98 (11th Cir. 1997) (per curiam) (holding that a frequent-flyer account was not a financial interest within the meaning of § 455(b)(4) and that no reasonable person could question a judge's impartiality because he had a frequent-flyer account with the plaintiff-airline).  Judges are required by the Ethics in Government Act to make certain financial disclosures.  5 U.S.C. App. §§ 101–105.  The disclosures include identifying interest in property held for investment or production of income, such as certificates of deposit or other personal savings accounts.  Id. § 102(a)(3).

The magistrate judge did not abuse his discretion by refusing to recuse.  The challenged relationship was a personal mortgage that arose from the execution of a standard contract during the ordinary course of business.  Nothing about such a

6

transaction would give rise to doubts about the magistrate judge's impartiality. And neither the district judge nor the magistrate judge violated ethical obligations by declining to disclose business relationships at the Zows' request.  Judges are obligated to file financial disclosure reports only as required by statute.  See 5 U.S.C. App. § 102(a).

**AFFIRMED.**