NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TASER INTERNATIONAL, INC.,**
*Plaintiff-Appellee*

**v.**

**PHAZZER ELECTRONICS, INC.,**
*Defendant-Appellant*

---

2017-2637

---

Appeal from the United States District Court for the Middle District of Florida in No. 6:16-cv-00366-PGB-KRS, Judge Paul G. Byron.

---

Decided: October 26, 2018

---

PAMELA BETH PETERSEN, Axon Enterprise, Inc., Scottsdale, AZ, argued for plaintiff-appellee. Also represented by RYAN SANTURRI, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Orlando, FL.

JOSEPH A. DAVIDOW, Willis & Davidow, LLC, Naples, FL, argued for defendant-appellant. Also represented by TAYLOR CLARKE YOUNG, Mandel Young PLC, Phoenix, AZ.

---

Before O'MALLEY, CHEN, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Phazzer Electronics, Inc. ("Phazzer") appeals from the district court's order granting Taser International, Inc.'s ("Taser") motion for sanctions. *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366, 2017 WL 3584906 (M.D. Fla. July 21, 2017). Specifically, the district court: (1) struck Phazzer's motion to dismiss the amended complaint; (2) entered default judgment in favor of Taser; (3) awarded Taser compensatory and treble damages as well as attorney fees and costs; and (4) entered a permanent injunction against Phazzer. *Id.* at \*3. As explained below, we *affirm*.

## I.  BACKGROUND

Taser manufactures and sells conducted electrical weapons ("CEWs"), commonly known as stun guns. Taser is the sole owner of U.S. Patent No. 7,234,262 ("the '262 patent"), which is entitled "Electrical Weapon Having Controller For Timed Current Through Target and Date/Time Recording." Taser also owns U.S. Trademark Registration No. 4,423,789 ("the '789 registration") for "launching devices comprising projectiles in the nature of wire tethered darts for use with electronic control devices used as weapons." Taser explains that the trademark encompasses the shape of the CEW dart cartridge, as shown below:



In March 2016, Taser filed a four-count complaint against Phazzer alleging patent and trademark infringement, false advertising, and unfair competition stemming from Phazzer's sale of its "Enforcer" CEW and associated dart cartridges. The complaint also named as a co-defendant Sang Min International Co. ("Sang Min"), Phazzer's Taiwanese CEW manufacturer. Phazzer moved to dismiss the complaint, arguing that Taser impermissibly "lumped together" Phazzer's conduct with that of Sang Min, such that Phazzer was not on notice of the allegations against it. The motion alternatively sought a more definite statement and redesignation of the case to "track three," which would add another year to the scheduling order deadlines.

Phazzer subsequently supplemented its motion to dismiss and alternatively moved to stay the case based on the Patent and Trademark Office's ("PTO") institution of an ex parte reexamination of the '262 patent. Although a first office action in the reexamination rejected all 18 claims of the '262 patent, the PTO ultimately (in April 2017) issued an ex parte reexamination certificate deeming claims 1–5 patentable as amended and confirming the patentability of claims 6–18 as stated.

In September 2016—six months after Taser filed this case—Phazzer filed a trademark cancellation action against Taser's '789 registration and moved to stay the district court litigation the same day. The Trademark Trial and Appeal Board ("TTAB") instituted the cancellation action in September 2016, but subsequently suspended proceedings pending resolution of the district court case. Given the TTAB's suspension order, the district court denied Phazzer's motion to stay as moot.

On February 24, 2017, Taser filed an amended complaint, asserting the same causes of action, but adding an additional defendant. That same day, the district court denied Phazzer's original motion to dismiss and its sup-

plement as moot. Phazzer filed a motion to dismiss the amended complaint and a stay application based in part on then-co-pending reexamination proceedings.

Phazzer filed a second ex parte reexamination request in April 2017, and the PTO instituted on all claims. Phazzer then filed what it captioned as an "emergency" motion to stay the district court proceedings pending the outcome of the second reexamination. The district court denied that motion, cautioning Phazzer that unwarranted designation of a motion as an emergency could result in the imposition of sanctions. The second reexamination remains pending.[1]

Over the course of the litigation, Taser filed three separate motions to compel discovery, all of which were granted in large part, and Phazzer was ordered to produce responsive documents. *Taser*, 2017 WL 3584906, at *1. After Phazzer failed to produce witnesses for depositions for five months on grounds that they were all unavailable, the magistrate judge held a discovery conference in May 2017. *Id.* at *2. At the conference, the parties agreed to dates for the depositions of Phazzer witnesses. Three days before those depositions were set to begin, however, counsel for Phazzer requested a conference "to discuss its 'controlled default' in these proceedings," stating that Phazzer "has very limited financial resources at this time and can no longer financially participate in the defense of this action." Phazzer's Mot. for Conference at 1–2, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. June 14, 2017), ECF No. 147. The magistrate judge held a telephone conference the next day, at which counsel for Phazzer sought to postpone depositions and the

---

[1]    In April 2018, the examiner in the second reexamination issued a rejection of all claims of the '262 patent. As discussed below, Taser appealed that decision, and proceedings are ongoing.

upcoming technology tutorial, citing financial difficulties. Phazzer's motion stated that it had offered a "default and/or stipulated default judgment" as part of preliminary settlement negotiations, but Phazzer ultimately declined to stipulate to liability or entry of default at the conference. Order at 1, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. June 15, 2017), ECF No. 151. The court stated that, "because it appears that Phazzer, with the assistance of its counsel, is attempting in bad faith to further delay this litigation rather than in a good faith attempt to resolve this case, I will not recommend that the Court stay the litigation." *Id.* at 2.

In June 2017, the magistrate judge entered an order setting dates for the Rule 30(b) representative's deposition and the depositions of five fact witnesses. The court further ordered the parties and their counsel to attend the technology tutorial. The parties were cautioned that failure to comply with that order might result in the imposition of sanctions, including entry of default judgment against Phazzer. Order at 2, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. June 15, 2017), ECF No. 152. That same day, counsel for Phazzer moved to withdraw, citing both irreconcilable differences and Phazzer's failure to pay. The court denied the motion without prejudice, noting that it could be reasserted after Phazzer obtained substitute counsel.

After Phazzer failed to appear at the technology tutorial, the court set a status hearing and informed Phazzer that failure to attend "may result in the imposition of sanctions, including entry of default or default judgment against the offending party or counsel." *Taser*, 2017 WL 3584906, at *2. Counsel for Phazzer filed a renewed motion to withdraw, notifying the court that Phazzer had terminated his representation in writing, claiming to be insolvent and advising that no substitute counsel would be retained. The court issued a notice of hearing and ordered a representative of Phazzer to personally appear.

Phazzer failed to do so, and the court granted its attorney's motion to withdraw.

On June 26, 2017, Taser filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, asking the district court to strike Phazzer's responsive pleading, enter default judgment, issue a permanent injunction, and award Taser its damages, attorney fees, and costs. Therein, Taser argued that Phazzer engaged in bad faith litigation conduct and deliberately violated numerous district court orders.

New counsel entered an appearance on behalf of Phazzer and responded to the motion for sanctions. In its response, Phazzer indicated that it "is defaulting in this matter." Def.'s Resp. in Opp'n to Pl.'s Mot. for Sanctions at 7, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. July 10, 2017), ECF No. 178. Phazzer argued that: (1) Taser's requested order demanded relief in excess of that requested in the complaint; (2) the proposed order cannot enjoin all of the named nonparties to the case; and (3) the PTO is "best equipped to determine the validity of the patent and trademark at issue." *Id.* at 3–7. Phazzer acknowledged, however, that, "[u]nder a default granting the relief sought in the Amended Complaint, a declaratory judgment of general validity and enforceability of the patent and trademark would have no additional effect on Phazzer, who would already be bound on [sic] infringers." *Id.* at 8.

On July 21, 2017, the district court entered the order at issue in this appeal, granting Taser's motion for sanctions. The court explained that, "[s]ince the outset of this litigation, Phazzer has engaged in a pattern of bad faith conduct designed and intended to delay, stall, and increase the cost of this litigation." *Taser*, 2017 WL 3584906, at *1. Given Phazzer's "egregious conduct," the court struck the pending motion to dismiss the amended complaint, entered default judgment in favor of Taser,

awarded compensatory damages and treble damages for willful infringement of the '262 patent and willful false advertisement as alleged in the complaint, awarded attorney fees and costs, and entered a permanent injunction against Phazzer. *Id*. at *3.

With respect to the patent claims, the district court "deemed" the '262 patent "valid, enforceable, and infringed by Phazzer." *Id*. at *5. Specifically, the court found that "the Phazzer Enforcer CEW violates claim 13 of the '262 patent." *Id*. The court enjoined Phazzer and its officers, agents, and other persons in active concert or participation with them from making, using, offering, selling, donating, distributing, importing, or exporting the Enforcer CEW "and any device not colorably different from the Enforcer CEW." *Id*.

With respect to the trademark claims, the district court found that: (1) Taser owns the '789 registration "for the non-functional shape. . . of cartridges used to launch darts," (2) Phazzer sells several versions of cartridges that bear a confusingly similar shape to the shape of the TASER trademark; and (3) prospective purchasers are likely to be misled as to their source. *Id*. The court "deemed" the '789 registration "valid and enforceable, not generic, functional, or merely descriptive, and infringed by Phazzer." *Id*. at *6. The court then enjoined Phazzer and its officers, agents, or other persons in active concert or participation with them from making, using, offering, selling, donating, distributing, importing or exporting the offending cartridge product numbers and colorable imitations. *Id*. The injunction further barred Phazzer from challenging or continuing to challenge "the validity or enforceability of the '789 Registration in any manner in any forum, including the USPTO." *Id*.

Phazzer timely appealed the district court's order granting the motion for sanctions. We have jurisdiction pursuant to 28 U.S.C. §§ 1292(c)(1) and 1295(a)(1).

## II.  STANDARD OF REVIEW

Because a decision to sanction a litigant pursuant to Rule 37 of the Federal Rules of Civil Procedure is one that is not unique to patent law, we apply the law of the regional circuit.  *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002).  In the Eleventh Circuit, it "is well settled that 'the standard of review for an appellate court in considering an appeal of sanctions under rule 37 is sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record.'"  *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (quoting *Pesaplastic C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986)).

We likewise review the scope of a district court's injunction for abuse of discretion.  *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 516 (Fed. Cir. 2012).  Abuse of discretion is a deferential standard that requires a showing that "the court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings."  *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997)).

## III. DISCUSSION

On appeal, Phazzer argues that the district court abused its discretion in entering default judgment as a discovery sanction without first ruling on the pending motion to dismiss.  Phazzer further argues that: (1) default judgment was inappropriate because its noncompliance was neither intentional nor in bad faith and equally effective sanctions were available; (2) the relief granted in the injunction exceeds that requested in the amended complaint; and (3) new developments in the

PTO office actions "relating to the validity of Appellee's patent requires reversal of the lower court's sanctions Order." Appellant Br. 9.[2] We address each argument in turn.

### A.  The District Court Did Not Abuse its Discretion in Entering Default Judgment

Rule 37 of the Federal Rules of Civil Procedure gives district courts "broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). In relevant part, the rule expressly authorizes sanctions where a party fails to comply with a discovery order or fails to attend its own deposition. Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A)(i). The rule provides that, where appropriate, the court is authorized to strike pleadings, stay proceedings, dismiss the action or any part thereof, or render a judgment by default against a disobedient party. Fed. R. Civ. P. 37(b)(2)(A); 37(d)(3).

The Eleventh Circuit has stated that, although Rule 37 gives district courts broad discretion, that discretion is "not unbridled." *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997). The decision to dismiss a claim or enter default judgment "ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *Id.* (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea*, 987 F.2d at 1542.

---

[2]    Phazzer does not appeal the district court's award of compensatory and treble damages or the award of attorney fees and costs.

Here, the district court found that Phazzer engaged in bad faith litigation misconduct "with the subjective intent to abuse the judicial process." *Taser*, 2017 WL 3584906, at *3. The court further found that imposition of sanctions including the entry of default judgment was "necessary to adequately punish Phazzer for its wanton and repetitive disregard of this Court's orders and as a consequence of its willful abuse of the discovery process." *Id.*

As Taser points out, Phazzer waived all issues concerning the propriety of the district court's entry of default judgment against it. Indeed, it was Phazzer who first requested a judicial conference to discuss its "controlled default." Phazzer's Mot. for Conference at 1–2, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. June 14, 2017), ECF No. 147. Even if it had not invited default as a sanction, however, the record is clear that Phazzer failed to attend its own Rule 30(b)(6) deposition, failed to produce other company witnesses for deposition, failed to attend the technology conference, and failed to attend the status of counsel hearing, all in violation of express court orders warning of potential default sanctions for noncompliance. Given these circumstances, the district court did not abuse its discretion in finding that sanctions were warranted, and that entry of default was appropriate.

On appeal, Phazzer argues—for the first time—that the district court erred in entering default judgment without first ruling on its pending motion to dismiss. In particular, Phazzer cites *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), for the proposition that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." Appellant Br. at 34 (quoting *Chudasama*, 123 F.3d at 1367). As explained below, however, Phazzer's reliance on *Chudasama* is misplaced.

First, despite Phazzer's suggestion to the contrary, nothing in *Chudasama* states that discovery must be stayed pending a decision on a motion to dismiss or that such a motion must be resolved before discovery can begin. Instead, it stands "for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)). Indeed, the Eleventh Circuit has since clarified that it "only found an abuse of discretion [in *Chudasama*] because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months." *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014). Courts have recognized, moreover, that a "request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Here, however, Phazzer's motion to dismiss the amended complaint did not seek dismissal of the false advertising claim (count two) and thus could not have disposed of the case in its entirety.

Second, the facts in *Chudasama* are readily distinguishable from those in this case. The district court in *Chudasama* delayed resolution of a motion to dismiss for more than a year and a half and repeatedly failed to rule on the defendants' objections to abusive discovery requests. 123 F.3d at 1356–60. Resolution of that motion would have narrowed the relevant issues by eliminating a "dubious" fraud claim. *Id.* at 1368. "Thus, when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery," the *Chudasama* court

held, "the district court should rule on the motion before entering discovery orders, if possible." *Id.*

Here, by contrast, Phazzer's motion to dismiss the amended complaint had only been pending for four months, and the district court was actively managing discovery. Although Phazzer submits that it was "struggling to meet [Taser's] premature and abusive discovery tactics," it fails to point to any improper conduct on behalf of Taser. Appellant Br. at 38. Indeed, the district court found that it was Phazzer—not Taser—that "engaged in a pattern of bad faith conduct designed and intended to delay, stall, and increase the cost of this litigation" since its inception. *Taser*, 2017 WL 3584906, at *1. Accordingly, *Chudasama* is factually inapposite.

Finally, Phazzer argues that its noncompliance was neither intentional nor in bad faith and that "less draconian but equally effective sanctions were available." Appellant Br. at 40. Phazzer did not raise these arguments in response to the motion for sanctions before the district court, and cannot do so for the first time on appeal. *See Stauffer v. Brooks Bros. Group, Inc.*, 758 F.3d 1314, 1322 (Fed. Cir. 2014) ("Issues not properly raised before the district court are waived on appeal."); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007) ("As a general rule, we do not consider issues not presented in the first instance to the trial court.").

In any event, the district court specifically found that Phazzer "engaged in a pattern of bad faith conduct" "since the outset of this litigation" and that "no sanction short of entry of a default judgment in favor of Taser, along with an award of compensatory and treble damages, an award of reasonable attorneys' fees and costs, and injunctive relief is adequate to address these violations." *Taser*, 2017 WL 3584906, at *1. The record fully supports these findings. And, although Phazzer now argues that the

district court should have imposed lesser sanctions and allowed the case to be tried on the merits, it expressly told the court that it was "defaulting in this matter." Def.'s Resp. in Opp'n to Pl.'s Mot. for Sanctions at 7, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. July 10, 2017), ECF No. 178.

On this record, we find that the district court did not abuse its discretion in striking Phazzer's motion to dismiss and entering default judgment in favor of Taser as a sanction.

## B. The Scope of the Injunction

Next, Phazzer argues that the injunction the district court entered exceeds the scope of the relief requested in the amended complaint because it deemed Taser's trademark valid when the prayer for relief only requested an injunction prohibiting infringement. Because a default judgment is limited to the relief demanded in the complaint, Phazzer contends that the injunction order is void.

Pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The rule for default judgments contrasts with "[e]very other final judgment," which "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Indeed, it "was well settled even before the adoption of the Rules of Civil Procedure that in rendering a default judgment the Court can only give to the plaintiff such relief as was proper upon the face of the bill." *Nat'l Disc. Corp. v. O'Mell*, 194 F.2d 452, 456 (6th Cir. 1952) (citing *Thomson v. Wooster*, 114 U.S. 104, 113–14 (1885)).

It is well established that the defendant, by its default, is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). That said, the defaulted

defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Here, Taser's amended complaint alleged that "TASER is the owner of a federal trademark registration, Registration No. 4,423,789, issued by the United States Patent and Trademark Office on October 29, 2013 for the non-functional shape . . . of cartridges used to launch darts." Amended Complaint at 6, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. Feb. 24, 2017), ECF No. 95. The '789 registration was attached as an exhibit to the amended complaint and incorporated by reference therein. As noted, the amended complaint contained four counts: patent infringement, false advertising, trademark infringement, and common law trademark infringement and unfair competition. The prayer for relief requested that the court enter judgment in favor of Taser and requested, among other things: (1) "a declaration that the Phazzer Enforcer CEW is within the scope of the claims of the '262 Patent;" (2) a permanent injunction prohibiting patent and trademark infringement and Phazzer's false advertising practices; (3) compensatory and treble damages; and (4) attorney fees and costs. *Id.* at 12.

Although nothing in the amended complaint requested an assessment of trademark validity, the district court's permanent injunction order stated that "Taser's U.S. Trademark Registration No. 4,423,789, issued on October 29, 2013, for the non-functional shape of cartridges used to launch darts, is deemed valid and enforceable, not generic, functional, or merely descriptive, and infringed by Phazzer." *Taser*, 2017 WL 3584906, at *6.[3]

---

[3] The permanent injunction also stated that the '262 patent "is deemed valid, enforceable, and infringed

The court further stated that "Phazzer shall not challenge or continue to challenge the validity or enforceability of the '789 Registration in any manner in any forum, including the USPTO." *Id.* Both of these statements were included in the proposed order attached as an exhibit to Taser's motion for sanctions.

In its response to the motion for sanctions, Phazzer acknowledged that the amended complaint "calls for relief in the form of . . . a permanent injunction prohibiting infringement, including making, using, importing, offering for sale, and selling Phazzer cartridges that infringe on TASER's Trademark." Def.'s Resp. in Opp'n to Pl.'s Mot. for Sanctions at 7–8, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. July 10, 2017), ECF No. 178. Phazzer then admitted that, "[u]nder a default granting the relief sought in the Amended Complaint, a declaratory judgment of general validity and enforceability of the patent and trademark would have no additional effect on Phazzer, who would already be bound on [sic] infringers." *Id.* at 8. In other words, Phazzer conceded that the validity language in the proposed order added nothing to the requested infringement declaration as it relates to Phazzer.[4]

---

by Phazzer. Specifically, the Phazzer Enforcer CEW violates claim 13 of the '262 patent." *Taser*, 2017 WL 3584906, at *5. Because Phazzer's Rule 54(c) arguments on appeal seem to focus solely on the declaration of validity with respect to the '789 registration, we do not address the declaration of validity as to the '262 patent. Appellant Br. 11–16.

[4] On appeal, Phazzer cites a district court decision where the court found that, because the complaint did "not seek a declaration that the patents [we]re enforceable and valid, including this proposed language in the default judgment would violate Rule 54(c) of the Federal

Phazzer expressed concern, however, that a declaratory judgment of validity would "serve to prejudice third parties who may come into conflict with Taser in the future." *Id*. But, as counsel for Taser admitted at oral argument, "those folks would not be bound by a default order or an injunction specific to Phazzer." Oral Arg. at 21:06–21:35, available at http://oralarguments.cafc.uscourts.gov/ default.aspx?fl=2017-2637.mp3. Indeed, it is well established that "no court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (Hand, J.). This rule was codified in Rule 65(d) of the Federal Rules of Civil Procedure, which provides that an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2). Accordingly, while the district court's injunction is binding with respect to Phazzer, and those working on behalf of or in concert with it, and while the court's judgment resolves all disputes between these parties with

---

Rules of Civil Procedure." Appellant Br. at 13 (quoting *LG Elecs., Inc. v. Advance Creative Comput. Corp.*, 212 F. Supp. 2d 1171, 1176 (N.D. Cal. 2002)). That decision is distinguishable, however. While the defaulting parties in *LG Electronics* never appeared in the case or responded to the motion for default, Phazzer appeared before the district court and admitted that the validity language in the proposed order had no effect on it. Importantly, as the *LG Electronics* court recognized, injunctions are "discretionary depending on the facts of the case." *Id*. at 1175.

respect to the products specified in the order, it does not, and indeed cannot, bind unrelated third parties.

On appeal, Phazzer submits that "the validity of the trademark should be referred back to the TTAB for substantive determination." Appellant Br. at 16. Specifically, Phazzer: (1) explains that the TTAB stayed the cancellation proceedings because it was under the impression that the district court would address whether the mark was functional; and (2) requests "leave to prosecute its TTAB proceeding to fruition." *Id.* at 16–17. Phazzer cites no authority for its request that we refer the issue of validity to the TTAB. Nor could it, given that this appeal arises from the district court's decision granting Taser's motion for sanctions and for a permanent injunction.

In any event, Phazzer did not object to the language in the proposed order precluding Phazzer from challenging or continuing to challenge the validity or enforceability of the '789 registration. As Taser points out, moreover, a default judgment in an infringement proceeding can operate as res judicata in a subsequent cancellation proceeding before the TTAB. *See Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1330 (Fed. Cir. 2008). As we explained in *Nasalok*, to hold otherwise would allow "success in the cancellation proceeding" to "negate relief secured . . . in the infringement proceeding." *Id.* at 1329. "Such a collateral attack is barred by claim preclusion." *Id.* at 1330 ("Because Nasalok's claim of trademark invalidity, in its petition to cancel the '840 Registration, amounted to a collateral attack on the district court's judgment in the earlier infringement suit, the rules of defendant preclusion are properly applied to bar Nasalok from asserting that claim.").[5]

---

[5]   Of course, as the district court made clear in its order on Taser's motion for contempt, the TTAB has the

Because Phazzer conceded that a declaratory judgment of general validity of the '789 registration would not affect it, and because we interpret the scope of the injunction as limited to these parties and the particular products identified therein (and those not colorably different therefrom), we find no error in the district court's permanent injunction.

### C. Phazzer's Remaining Arguments Concerning PTO Proceedings Are Without Merit

Phazzer also argues that reversal is warranted because: (1) Taser engaged in "misconduct and/or fraud on the PTO" in connection with the '789 registration; and (2) enforcement of the injunction "is no longer proper or equitable due to changed conditions" stemming from the PTO's rejection of Taser's patent claims in the second reexamination. Appellant Br. at 19–32. Neither argument has merit.

As to the first point, Phazzer did not allege fraud or misconduct before the PTO in the district court proceedings, and cannot do so for the first time on appeal.

---

authority to determine the preclusive effect of the default judgment on the cancellation proceeding. *See Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) ("After all, a court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.' Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court . . . ."(internal citation omitted)). Indeed, to the extent the original order could have been read to direct the TTAB's conduct of its proceedings, the district court clarified that it did not intend for its order to sweep so broadly. *See* Order at 7, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366 (M.D. Fla. May 4, 2018), ECF No. 271.

As to the second point, Phazzer points to the fact that the PTO examiner recently issued a final rejection of all 18 claims of the '262 patent in the pending reexamination. According to Phazzer, the PTO's finding that all claims of the '262 patent are unpatentably obvious is a change in factual conditions that warrants reversal of the sanctions order. As Taser points out, however, Phazzer's argument is premature, not properly before this court, and is subject to Taser's appellate rights before the Board. Because the reexamination proceedings are ongoing, they do not affect the district court's permanent injunction.

## IV. CONCLUSION

We have considered Phazzer's remaining arguments and find them unpersuasive. Because the district court did not abuse its discretion in entering default judgment against Phazzer, and because we interpret the resulting permanent injunction as limited to resolving all disputes between these parties with respect to the particular products at issue, we *affirm* the district court's order imposing sanctions in its entirety.

**AFFIRMED**